FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JAN 28 2022

KEVIN P. WEIMER, Clerk
By: ⟨⟩ Deputy Clerk

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

STEPHANIE M. REDDING,
    Plaintiff

Civil Action No. 1:21-CV-2344 (WEJ)

    v.

ALEJANDRO MAYORKAS, Secretary
Department of Homeland Security,
    Defendant

Date: January 21, 2022

**PETITION FOR JUDICIAL REVIEW**

## SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

*Pro se* Plaintiff Stephanie M. Redding files this petition requesting a judicial review of the Merit Systems Protection Board's (hereinafter "MSPB") Initial Decision rendered by Administrative Judge John Alick Henderson (hereinafter "MSPB AJ Henderson") on April 16, 2021. MSPB AJ Henderson upheld the Agency's removal of the Plaintiff from the United States Department of Homeland Security (hereinafter "Agency"), Federal Law Enforcement Training Centers (hereinafter "FLETC"). The Plaintiff served as a Law Enforcement Specialist at FLETC since her Reassignment as an Accommodation of Last Resort.

       The issues in this petition are significant in that the Agency actions were unlawful and in violation of several Federal Laws and Regulations. The Agency abused its discretion and ultimately made decisions that were not within the bounds of reasoned decision making.

       Furthermore, the Agency and MSPB findings were not supported by facts. Both "authoritative bodies" ignored the record as a whole and based decisions on nonfactual information directly contradicted by written evidence and/or direct testimony, under oath.

Lastly, the MSPB AJ did not comply with procedural requirements. At the very core of this petition is whether the MSPB AJ was within his statutory authority to render a decision as to the validity of an Office of Personnel Management (hereinafter "OPM") disability retirement decision that was not a part of the Plaintiff's appeal in the instant case before the MSPB.

PARTIES

1.      *Pro se* Plaintiff, STEPHANIE M. REDDING, is an adult individual who has a mailing address of 9300 Lottsford Road, Apt. #5303, Largo, Maryland 20774. Her phone number is: (561) 577-5069. Her email address is: Stephanie.Redding@verizon.net.

2.      At all times relevant to this petition, Plaintiff had disabilities recognized under the Rehabilitation Act of 1973, (hereinafter "Rehab Act"), 29 USC §791 Section 501 and Section 504, the Americans with Disabilities Act of 1990 (hereinafter "ADA"), and the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "ADAA") 42 USC §12111 et seq. and 42 USC §12201-12204 and 12210.

3.      The Defendant, ALEJANDRO MAYORKAS, Secretary, DHS is sued in his official capacity. The Defendant and FLETC are executive agencies of the United States government and are employers as defined pursuant to federal legislation.

4.      The Agency engages in commerce for purposes of Rehab Act, ADA, and ADAA and qualifies as an employer within the meaning of the statue and regulations at issue.

JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 5 USC §7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____, 137 S. Ct. 1975 (2017).

6.     The unlawful employment actions alleged below were committed and/or executed by Agency personnel at FLETC located at 1131Chapel Crossing Road, Brunswick, Georgia 31524. Accordingly, venue lies in the United States District Court for the Northern District of Georgia under 28 USC§1391(b) and 42 USC. 2000 e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     On June 09, 2020, Plaintiff timely filed an Initial Appeal with the MSPB (Docket #AT-0752-20-0577-I-1) for her proposed removal, pursuant to 5 USC§7511- 7513.

8.     The Plaintiff's Initial Appeal claims the Agency's removal was based on disability discrimination, retaliation for protected EEO activity, and harmful procedural errors.

9.     On April 16, 2021, MSPB AJ Henderson rendered an Initial Decision (Docket #AT-0752-20-0577-I-1) affirming the Agency's removal on the charges of: Excessive Absences, Absent Without Leave (hereinafter "AWOL") and Failure to Follow Instructions.

10.     The Plaintiff received notice of her right to seek a judicial review of the MSPB Initial Decision once it became final on May 21, 2021.

11.     Plaintiff timely filed her petition for judicial review in the Federal District Court on June 08, 2021. *See Perry v. Merit Systems Protection Board*, 582 U.S.__ , 137 S. Ct. 1975 (2017).

12.     The Plaintiff alleges the MSPB AJ erred in his decision to uphold the Agency's removal and requests a judicial review of the MSPB decision pursuant to 5 CFR §1201.120 and 5 USC§7703.

13.	The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under the Rehab Act, the ADA, and the ADAA, and its related regulations.

FACTUAL BACKGROUND

14.	The Plaintiff was initially hired by the Agency on March 13, 2011, for the position of Federal Air Marshal (hereinafter "FAM") assigned to the Transportation Security Administration (hereinafter "TSA"), Federal Air Marshal Service (hereinafter "FAMS").

15.	The Plaintiff has Degenerative Progressive Myopia (Severe Myopia) and Keratoconjunctivitis Sicca (Chronic Dry Eyes).

16.	The Plaintiff submitted a disability retirement application to the Office of Personnel Management (hereinafter "OPM") on September 28, 2017.

17.	The Plaintiff was Reassigned as an Accommodation of Last Resort to FLETC, Behavioral Science Division as a Law Enforcement Specialist, GS 1801-13, effective May 27, 2018.

18.	The Plaintiff's reassignment was not within the local commuting area and required the Plaintiff to relocate from FAMS HQ in Reston, Virginia, to FLETC in Brunswick, Georgia, more than seven hundred (700) miles away. 5 USC§8451(a)(2)(A); 5 CFR§844.102, 844.103 (a)(5); *Anthony v. Office of Personnel Management*, 58 F.3d 620, 622 (Fed. Cir. 1995); *Eshelman v. Office of Personnel Management*, 72 M.S.P.R. 173, 176 (1996).

19.	In October 2018, the Plaintiff first notified the Agency of her ongoing medical issues created by the duties of the reassignment position and requested a re-evaluation of the reassignment.

20.     On September 24, 2019, OPM approved the Plaintiff's application for disability retirement benefits.

21.     On October 02, 2019, the Plaintiff notified the Agency of OPM's approval of disability retirement benefits and requested immediate separation from federal service pursuant to approval.

22.     On October 15, 2019, the Plaintiff filed an informal complaint of discrimination (physical disability) against FLETC (Case Number: HS-FLETC-01059-2020) for the Agency's failure to separate the Plaintiff from federal service in accordance with OPM disability guidance. This case is still pending before the Equal Employment Opportunity Commission (hereinafter "EEOC").

23.     On January 06, 2020, the Plaintiff was placed in an Absent Without Leave (AWOL) status.

24.     On February 25, 2020, the Plaintiff filed a complaint with the Office of Special Counsel (Case Number: OSC File No. MA-20-1253).

25.     On March 04, 2020, L. Wayne Anderson, Agency Proposing Official (hereinafter "Agency PO"), issued a Notice of Proposed Removal to the Plaintiff for the charges: Excessive Absences, AWOL, and Failure to Follow Instructions.

26.     On March 29, 2020, the Plaintiff filed a formal complaint of discrimination (physical disability) and reprisal against FLETC (EEOC Case Number: 410-2020-00553X). This complaint is still pending an EEOC decision.

27.     On March 31, 2020, the Plaintiff, via her attorney Fernando A. Alonso, submitted a written response to the Agency's Proposed Removal.

28.     On April 02, 2020, OPM rescinded its September 2019 approval of disability retirement for the Plaintiff's position as a FAM.

29.     On June 04, 2020, Darren Cruzan, Agency Deciding Official (hereinafter "Agency DO"), issued a Notice of Decision on Proposed Removal (hereinafter "Notice of Decision") to the Plaintiff sustaining "all charges by a preponderance of the evidence and determined that the reasonable penalty was removal".

30.     On June 17, 2020, a Notification of Personnel Action (SF 50) was placed in the Plaintiff's Official Personnel folder indicating the Plaintiff's removal from the Agency.

31.     On October 30, 2020, OPM issued a second approval of disability retirement benefits, this time for the Plaintiff's position as a Law Enforcement Specialist at FLETC, the position which the Agency removed the Plaintiff.

32.     A copy of OPM's October 30, 2020, approval was provided the MSPB AJ with the Plaintiff's Pre-Hearing Submission on February 08, 2021.

33.     On February 25, 2021, an MSPB hearing (Docket AT-0752-20-0577-I-1) was conducted via video conference.

34.     The record in this MSPB (Docket AT-0752-20-0577-I-1) was verbally and officially closed by the MSBP AJ pursuant to 5 CFR §1201.59.

35.     Neither the Plaintiff nor Agency, submitted any additional evidence after the record closed.

36.     On April 16, 2021, MSPB AJ Henderson issued an Initial Decision affirming the Agency's decision to remove the Plaintiff from her position as a Law Enforcement Specialist for the proposed charges.

37.     MSPB AJ Henderson's Initial Decision became final on May 21, 2021.

## ARGUMENT

### The MSPB AJ erred when he affirmed the Agency's removal for the charges: Excessive Absences, Absent without Leave, and Failure to Follow Instructions

38.   Paragraphs 14 through 37 above are incorporated herein.

39.   The Agency's charges were not based on factual information and were inconsistent the written record.

40.   The Agency's Proposed Removal and its subsequent Notice of Decision omitted several key factors that should have been used by the Agency in their evaluation of the record as a whole.

41.   All of the charges listed in the Agency's Proposed Removal and Notice of Decision occurred after September 24, 2019, the date OPM originally approved the Plaintiff for disability retirement.

42.   The Plaintiff should have been separated from federal service, pursuant to OPM's September 24, 2019 approval, which pre-dated all of the Agency charges; therefore none of the Agency charges should have been sustained. See 5 USC § 2302 (b)(12).

43.   The Plaintiff is a member of a protected class withing the meaning of the ADA, the ADAA, and the Rehab Act, in that her impairment substantially interferes with a major life activity involving the Plaintiff's ability to see and/or distinguish objects at a distance. 29 CFR § 1630.2 (g).

44.   First, the Proposed Removal and Notice of Decision both failed to identify and/or recognize the Plaintiff status and protections as an Individual with a Known Disability

45.   The Proposed Removal and Notice of Decision both failed to identify and/or acknowledge the Plaintiff's reassignment to FLETC pursuant to the Agency's reasonable

accommodation process and the Agency's requirement to provide an effective accommodation pursuant to 29 CFR §1630.2 (m).

46. The Proposed Removal and Notice of Decision both failed to identify and/or acknowledge the Plaintiff's true medical need for an additional accommodation.

47. The Proposed Removal and Notice of Decision both failed to identify or acknowledge the Plaintiff's numerous requests for additional accommodations, that were all denied prior to the Agency's proposed removal.

48. The Agency's action of not providing the Plaintiff with an effective accommodation was unlawful and in violation of the Rehab Act (29 USC§ 794, Section 504), the ADA (42 USC § 12112; 42 USC § 1981), and 29 CFR§1630.9 (a)(b).

49. The Proposed Removal and Notice of Decision both falsely claimed the Plaintiff did not intend to return to work, despite the Plaintiff's actions and the written record which showed the Plaintiff's willingness to return to FLETC.

50. Lastly, both the Proposed Removal and Notice of Decision failed to identify and/or acknowledge OPM's September 24, 2019, approval of disability retirement benefits which was valid at the time the Agency proposed and ultimately decided to remove the Plaintiff on the charges listed in their notice. See 5 USC § 2302 (b)(12).

51. On February 08, 2021, Agency Counsel Diane Z. Buchli filed a Pre-Hearing Submission for this MSPB appeal (Docket AT-0752-20-0577-I-1) citing OPM's April 2020 recission to support the Agency's claim that the Plaintiff's removal was "procedurally and substantively proper and requests the removal be upheld".

52.    In their Pre-Hearing Submission, the Agency counsel failed to identify and/or acknowledge OPM's most recent disability retirement decision (dated October 30, 2020) approving the Plaintiff for disability retirement benefits.

53.    The Plaintiff, however, did in fact, cite OPM's new approval of disability retirement (dated: October 30, 2020) in the Plaintiff's Pre-Hearing Submission on February 08, 2021.

54.    The Plaintiff provided a copy of OPM's October 30, 2020 to the MSPB AJ with her Pre-Hearing Submission on February 08, 2021.

55.    In rendering his Initial Decision, MSPB AJ Henderson failed to identify and/or acknowledge OPM's most recent disability retirement decision (dated October 30, 2020) for the Plaintiff's position to FLETC as a Law Enforcement Specialist, the position to which he affirmed the Plaintiff's removal from. See 5 USC § 2302 (b)(12).

56.    Additionally, the Agency's charge of Excessive Absences should not have been sustained since the Plaintiff was unable to return to duty because of the continuing effects of illness or injury.

57.    The Agency and MSPB AJ failed to consider the medical documentation provided by the Plaintiff which indicated the excessive absences were due to the harmful work environment which contributed to the Plaintiff's chronic medical conditions.

58.    The charge of Excessive Absences should have triggered consideration under *The Bruner Presumption* since the Plaintiff's extensive use of leave was due to the Plaintiff's ongoing medical condition. *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993).

59.    The Agency should have initiated a disability retirement application instead of following through with the proposed removal for the charge of excessive absences.

60.    The MSPB has previously held that removal for extended absences is equivalent to removal for physical inability to perform. *Ayers-Kavtaradze v. Office of Personnel Management*, 91 M.S.P.R. 397, ¶ 11 (2002).

61.    The charge of AWOL should not have been sustained since it violated Federal Rules and Regulations pertaining to disabled individuals.

62.    Specifically, the Agency action of placing the Plaintiff in AWOL status instead of allowing the Plaintiff granting the Plaintiff's request for Leave Without Pay (hereinafter "LWOP") was unlawful and in violation of the ADA. Therefore, the Agency's charge of AWOL should not have been sustained.

63.    Additionally, charge of Failure to Follow Instructions should not have been sustained since the instructions required the Plaintiff to return to work under the same harmful environmental conditions identified by the Plaintiff's physician as being hazardous to her personal health.

64.    It was unreasonable for the Agency to require the Plaintiff to continue in a known harmful environment. See *Gooden v. Office of Personnel Management*, 471 F. 3d 1275, 1279 (Fed Cir. 2006).

65.    The Agency discriminated against the Plaintiff by failing to reasonably accommodate the Plaintiff's disability in violation of the Rehab Act of 1973, 29 USC § 701 *et. seq.,* as amended.

66.    The Agency terminated the Plaintiff's employment in violation of 42 USC § 12112(a) on the pretext of conduct-related discipline; however, the actual reason for termination was due to the Plaintiff's disability.

67.    The MSPB AJ erred when he failed to acknowledge OPM's authority and responsibility for making disability retirement decisions under the Federal Employee Retirement System, pursuant to the Civil Service Reform Act of 1978.

68.    The MSPB AJ erred when he made an Initial Decision setting aside OPM's October 30, 2020, disability retirement decision which was not a matter before the MSPB in the instant case.

**The MSPB AJ erred by accepting the Agency Penalty**

69.    Paragraphs 14 through 68 are incorporated herein.

70.    *Douglas v. Veterans Administration*, S MSPR 280, 305-06 (1981) established the criteria for MSPB review of whether an Agency's penalty is reasonable.

### *Douglas Factor #1*

71.    The Agency DO claims the Plaintiff used LWOP between October 2019 to December 2019.

72.    The Plaintiff was never granted LWOP despite her requests.

73.    The Agency's denial of the Plaintiff's request for LWOP was unlawful and in violation of the ADA. *Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, 2002 WL 31994335, at *14 (Oct. 17, 2002) ("EEOC Enforcement Guidance"); see also EEOC, Employer-Provided Leave and the Americans with*

*Disabilities Act, available at https://www.eeoc.gov/eeoc/publications/ada-leave.cfm (May 9, 2016).*

74.     The Agency DO falsely claimed the "only medical documentation Ms. Redding has provided to her supervisor has been one highly redacted letter for a physician stating that she may be required to continue using leave until conditions in current work environment are addressed to eliminate factors that contribute to chronic medical conditions".

75.     The Agency DO omitted the portions of the Plaintiff's medical documentation that specified the actual factors in the Plaintiff's work environment that contributed to the Plaintiff's ongoing medical issues and subsequent extensive use of leave.

76.     The Agency DO failed to acknowledge that the Plaintiff provided unredacted medical documentation to Arlene Gonzalez, Agency Reasonable Accommodation Program Manager and Connie Delaney, Agency Workforce Branch Chief, on multiple occasions, in order to protect the Plaintiff's privacy and prevent unauthorized disclosure of the Plaintiff's personal medical conditions.

77.     The Agency DO failed to acknowledge the Plaintiff's right to privacy, under the ADA.

78.     The Agency DO also failed to acknowledge the medical documentation already in the Agency's possession regarding the Plaintiff's disability since the conditions were the exact same medical conditions that led to the Plaintiff's reassignment.

79.     The Agency's request for the Plaintiff to provide additional medical documentation was unlawful and in violation of 29 CFR §1630.13 (b).

80.    The Agency DO claimed the Plaintiff's "documentation does not explain why she was incapacitated/unable to return to work. Ms. Redding refused to provide additional information".

81.    As indicated in Paragraph 72 and 73 above, the Plaintiff's medical documentation addressed the Agency DO's claim and, in fact, provided specific information as to the factors in the Plaintiff's work environment that was causing the Plaintiff's ongoing medical issues.

82.    The Agency DO did not request or allow any additional time for the Plaintiff to submit additional medical documentation for consideration, in violation of 5 CFR §752.404(c)(3).

83.    The Agency DO's actions were also unlawful and in violation of 5 CFR §752.404 (f) when the Agency DO failed to require the Plaintiff to submit to a medical examination before making his removal decision.

### *Douglas Factor #4*

84.    The Agency DO states "because of her excessive absences, the employee did not demonstrate a high degree of dependability".

85.    The Agency DO failed to consider the medical documentation provided by the Plaintiff which indicated the excessive absences were due to the harmful work environment which caused the Plaintiff's chronic medical conditions.

86.    As stated earlier, the Plaintiff's excessive absences should have triggered consideration pursuant to *The Bruner Presumption*.

### *Douglas Factor #5*

87.    The Agency Proposing Official indicated he "did not believe there is potential for rehabilitation, nor an option for alternative discipline".

88.  The Agency DO falsely claimed the Plaintiff "expressed intention not to return to work".

89.  Both the Agency PO and DO failed to acknowledge the written record which demonstrated the Plaintiff's wiliness to return to duty.

90.  Additionally, both the Agency PO and DO failed to acknowledge the Plaintiff's numerous attempts to locate a suitable accommodation, including telework and/or reassignment, that would have allowed the Plaintiff to return to work in an environment that did not posed a direct threat to the Plaintiff's personal health.

91.  The MSPB AJ failed to acknowledge the Agency PO's admission that the Plaintiff's intentions were incorrectly stated in Agency's Proposed Removal.  See *Truitt v. Department of the Navy*, 45 MSPR 344, 347 (1990).

92.  The Agency DO stated "there is virtually zero confidence in her ability to perform her assigned duties".

93.  The Agency DO failed to identify and/or acknowledge the Plaintiff's numerous requests for several different accommodations

94.  The Agency action of failing to provide the Plaintiff with an effective accommodation was unlawful and in violation of 29 CFR§1614.203.

95.  The Agency DO also failed to identify and/or acknowledge the Plaintiff's medical documentation, which supported the Plaintiff's need for further accommodation.

96.  The Agency DO did not request or allow any additional time for the Plaintiff to submit additional medical documentation for consideration, in violation of 5 CFR §752.404(c)(3).

97.     The Agency DO's actions were also unlawful and in violation of 5 CFR §752.404 (f) when the Agency DO failed to require the Plaintiff to submit to a medical examination.

### *Douglas Factor #6*

98.     The Agency DO acknowledged his lack of experience dealing with the same or similar offenses yet he used the penalty applied in other situations to justify his removal decision.

### *Douglas Factor #7*

99.     The Agency DO states the Plaintiff was "instructed, in writing, to return to work, but has indicated that she will not comply".

100.    The Agency DO failed to identify and/or acknowledge the Plaintiff's reason for not complying with the instructions was due to the Plaintiff's continual exposure to a harmful environment which the instructions did not mitigate.

101.    The Agency DO failed to identify and/or acknowledge the Plaintiff's request to telework which would have allowed the Plaintiffs to work in an environment under conditions more for the Plaintiff's medical conditions.

102.    The Agency DO also failed to identify and/or acknowledge the Plaintiff regular communications, in writing and verbally, with her immediate supervisor regarding her ongoing need to use leave due to the harmful work environment.

### *Douglas Factor #9*

103.    The Agency DO states the Plaintiff was notified on her ability to seek an accommodation but rejected it.

104.    The Agency DO failed to identify and/or acknowledge the Plaintiff's numerous accommodation requests previously made by the Plaintiff that the Agency denied.

### *Douglas Factor #10*

105. The Agency DO claims the Plaintiff indicated that she did not intend to return to work making rehabilitation impossible.

106. The Plaintiff has addressed this false claim several paragraphs above.

107. The MSPB AJ failed to acknowledge the Agency PO's admission that the Plaintiff's intentions were incorrectly stated in Agency's Proposed Removal.   See *Truitt v. Department of the Navy*, 45 MSPR 344, 347 (1990).

### *Douglas Factor #12*

108. The Agency DO once again falsely claimed the Plaintiff statement that she did not intend to return to work supported his decision to remove the Plaintiff.

109. Once again, the Plaintiff has addressed this false claim in several paragraphs above.

110. The Agency DO falsely stated that other alternatives were considered.

111. The Agency DO had the alternative option of separating the Plaintiff's pursuant to OPM's September 24, 2019 approval; however, the Agency DO did not consider this as an option.

112. The Agency DO also had the option of initiating a disability retirement application which the Agency DO likewise did not consider. *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993).

113. The Agency did not have the authority to render a disability retirement decision on their own volition or in violation of OPM's authority under the Civil Service Reform Act of 1978.

114. The Agency DO placed considerable weight on the false claim that the Plaintiff never intended to return to duty since this false claim was used for evaluation in several *Douglas Factors*, which the Plaintiff has addressed in several areas of this petition.

115. The Agency DO placed little to no consideration on the Plaintiff 's lack of prior disciplinary action throughout her entire career in the federal service.

116. The Agency DO also placed little to no consideration on the record as a whole and the written record.

117. The Agency DO completely ignored OPM's September 24, 2019 approval of disability retirement benefits.

118. The MSPB AJ completely ignored both, the September 2019 and October 2020 OPM approval of disability retirement.

**The Administrative Judge erred when he concluded the Plaintiff failed to show that she was discriminated against on the basis of disability.**

119. Paragraphs 14 through 118 are incorporated herein.

120. The MSPB AJ failed to identify and/or acknowledge the Plaintiff's record of disability and the Agency's obligation to provide an effective reasonable accommodation.

121. The Agency's action in preceding paragraphs were unlawful and in violation of the Rehabilitation Act of 1973 (29 U.S.C.§701 et seq) and 29 CFR §1630.9 (a) which requires the Agency to provide an effective reasonable accommodation.

122. MSPB AJ Henderson erred in his assessment of the credibility of the witnesses and subsequent testimony which was directly contradicted by the written record.

123. MSPB AJ Henderson erroneously cited in his ruling that the Plaintiff's medical documentation did not contain an estimated duration or date of return and opined that the

Plaintiff's absences may continue indefinitely. See *Haschmann v. Time Warner Entertainment Co. 151 F.3d 591, 601-02 (7th Cir 1998).*

124.    The MSPB AJ also failed to identify and/or acknowledge OPM's most current October 30, 2020 approval of disability retirement benefits for the Plaintiff's Law Enforcement Specialist position which the Agency sought the Plaintiff's removal from.

125.    The Plaintiff provided a copy of OPM's October 30, 2020 letter of approval to MSPB AJ Henderson on February 08, 2021, with the Plaintiff's Pre-Hearing Statement.

126.    The Agency acted in defiance of OPM's recognized authority under the Civil Service Reform Act of 1978 when the Agency refused to process OPM's disability retirement approval.

127.    The Agency unreasonable delayed a personnel action and unlawfully discriminated against the Plaintiff when the Agency refused to separate the Plaintiff pursuant to OPM's approval of disability retirement, dated: September 24, 2019 and October 30, 2020, thereby preventing the Plaintiff's access to the disability retirement benefits.

128.    At the time of the MSPB hearing in February 2021, the MSPB AJ should have acknowledged OPM's authority and its October 30, 2020 approval of disability retirement benefits for the Plaintiff's position as a Law Enforcement Specialist.

129.    The MSPB AJ allowed the Agency to continue violating OPM's authority by affirming the Agency's removal decision.

130.    The Agency's actions outlined in the paragraphs above were unlawful and in violation of 5 USC §2302 (b)(1)(D).

131.    The Agency acknowledged the Plaintiff's lack of any disciplinary action throughout her entire career in the federal service.

132.    The Agency's actions of disciplining the Plaintiff, including the Plaintiff's removal, was done on the actual basis of the Plaintiff's disability, not the result of disciplinary actions, in violation of 42 USC §12112(a).

133.    The Agency had first-hand knowledge of the Plaintiff's ongoing medical issues and requests for accommodation but denied them in violation of Section 504 of the Rehabilitation Act, 29 USC §794 which prevents discrimination against a disabled person by an executive agency.

134.    DHS and FLETC are executive agencies and are therefore bound to the terms and conditions set forth in the Rehab Act.

**The MSPB AJ erred when he concluded the Plaintiff failed to provide direct or circumstantial evidence of disability discrimination on the basis of disparate treatment.**

135.    Paragraphs 14 through 134 are incorporated herein.

136.    The Plaintiff's Pre-Hearing Submission on February 08, 2021, identified eight (8) similarly situated employees who were approved for the same accommodations the Plaintiff sought but was denied.

137.    The MSBP AJ excluded testimony from the similarly situated employees identified by the Plaintiff in her complaint.

138.    In rendering his Initial Decision, MSPB AJ Henderson ignored sworn testimony by the Plaintiff's immediate supervisor in which the supervisor acknowledged approving the other similarly situated employees for the accommodations which he denied the Plaintiff. See *Truitt v. Department of the Navy*, 45 MSPR 344, 347 (1990).

139. The Agency's actions as outlined in Paragraphs 136 through 138 were unlawful and in violation of 5 USC §2301 (b)(2).

140. The MSPB AJ, in his Initial Decision, made a sweeping rejection of the written record, as a whole, as to the Plaintiff's intentions and allowed false testimony, under oath, that was inconsistent with the written record.

### The MSPB AJ failed to observe procedures required by law

141. Paragraphs 14 through 140 above are incorporated herein.

142. In making his Initial Decision, MSPB AJ Henderson overstepped his authority and rendered a decision as to the validity of OPM's October 30, 2020, retirement decision which was not part of the Plaintiff's appeal in this instant case.

143. The MSPB AJ allowed Julie Neal (hereinafter "Neal"), to serve as the Agency "Advisor" for the duration of the MSPB hearing.

144. Neal was a witness identified Plaintiff in her complaint and Pre-Hearing Submission.

145. The MSPB AJ did not arrange or require Neal to testify first at the start of the hearing and instead allowed Neal to participate in the MSPB hearing in its entirety.

146. The MSPB AJ excluded evidence and testimony from Neal.

147. The MSPB AJ allowed Agency counsel to question witnesses regarding events that occurred since the Plaintiff's reassignment in May 2018 but did not allow the Plaintiff to question those same witnesses for the same period.

148. The MSBP AJ excluded testimony from the similarly situated employees identified by the Plaintiff in her complaint and Pre-Hearing Submission.

149. The MSPB AJ excluded testimony from the Plaintiff's immediate supervisor regarding the supervisor's personal experience with the Plaintiff's medical condition.

150. The Plaintiff's appeal included allegations of discrimination, including the Agency's failure to accommodate; however, the MSPB AJ excluded the Plaintiff's testimony

regarding the entire period in which she requested numerous accommodations which were part of a continuing set of event which began in May 2018, the Plaintiff's effective date of reassignment.

151. MSPB AJ Henderson erred when he cited "the reasonable accommodation process, as a whole" in portions of his ruling while excluding the Plaintiff's testimony for the entire time period.

152. The MSPB AJ allowed testimony from witnesses as to their personal beliefs why the Plaintiff was requesting an accommodation; however, the MSPB AJ excluded the Plaintiff's attempt to question despite the Plaintiff's known disability and the written record.

153. The MSPB AJ excluded testimony and evidence from the Plaintiff's immediate and/or second line supervisor regarding their medical training and experience despite both supervisors doubting the extent and severity of the Plaintiff's medical condition.

154. The testimony provided by the Plaintiff's immediate and/or second line supervisor regarding their doubts as to the severity of the Plaintiff's medical condition and accommodation needs was unlawful and in violation of 29 CFR §1630.13 (b).

155. The MSPB AJ excluded testimony from the Plaintiff regarding her approved disability retirement although it was current and valid at the time of the hearing.

156. The MSPB AJ excluded testimony from the Plaintiff's immediate supervisor regarding actions he took after the Plaintiff notified him of her EEOC filing.

157. MSPB AJ Henderson's actions, in Paragraphs 141 through 155 above, were unlawful and in violation of 5 CFR §1201.61 since the MSPB AJ excluded testimony and/or evidence from the hearing and failed to make the excluded information part of the record.

**The Administrative Judge erred when he concluded the Plaintiff failed to show that she was retaliated against on the basis of protected EEO activity.**

158. Paragraphs 14 through 157 above are incorporated herein.

159. The MSPB AJ acknowledged testimony from the Plaintiff's immediate supervisor regarding receipt of the Plaintiff's notice of EEOC filing, via text message; however, the MSPB AJ excluded additional testimony from Plaintiff's supervisor regarding actions he took following receipt of the notice.

160. The Plaintiff, in her Initial Appeal and Pre-Hearing Submission, provided a detailed account of actions taken by her immediate supervisor following the notice of EEOC filing, including making unexpected appearances at the Plaintiff's training venue and his attempts to force the Plaintiff to sign an Employee Performance Evaluation without proper review.

161. MSPB AJ Henderson's action of preventing the Plaintiff from asking questions regarding the supervisor's action prevented the Plaintiff from presenting evidence to support her claim of retaliation.

**The Administrative Judge erred when he concluded the Plaintiff failed to show that the Agency violated her due process rights or committed harmful procedural error.**

162. Paragraphs 14 though 161 above are incorporated herein.

163. The MSPB AJ only considered the Agency's removal process in reaching his conclusion.

164. The MSPB AJ failed to identify and/or acknowledge the Plaintiff's claim that the Agency's removal was a procedural error which caused substantial harm to the Plaintiff. *See, e.g. Pumphrey v. Department of Defense*, 122 MSPR 186 (2015).

165.    The Plaintiff should have been separated pursuant to OPM's approval of disability retirement benefits. This would have allowed the Agency to reach a different conclusion than that of removal for the charges listed.  See 5 USC § 2302 (b)(12) and 5 CFR §1201.4(r).

## NO JURY DEMAND

166.    The Plaintiff herein hereby requests a bench decision on all issues in this action.

## RELIEF AND REMEDIES

WHEREFORE, Plaintiff is seeking reversal of the Defendant's removal decision, removal of any and all derogatory information from the Plaintiff's personnel record(s), Discrimination and Retaliation Awareness Training for Agency management personnel responsible for committing discrimination against the Plaintiff, a written "neutral" letter of work reference verifying the Plaintiff's employment with the Agency, any and all relief permitted under ADA, 42 USC §12117(a), including equitable relief 42 USC §1981, and such further relief as is equitable and just.

Date:  01/21/2022

Respectfully submitted,

Stephanie M. Redding, Plaintiff *pro se*
9300 Lottsford Road, Apt #5303
Largo, Maryland 20774
Stephanie.Redding@verizon.net
(561) 577-5069